**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

DANIELLE CAUDLE,                          )
                                          )
              Plaintiff,                   )
                                          )
       v.                                 )          No. 2:25-CV-71 HEA
                                          )
LINCARE, INC., AND ANTHONY                )
W. BROWER,                                )
                                          )
              Defendants.                 )
                                          )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss. [Doc. No. 11].  Defendants move to dismiss part of Plaintiff's Complaint for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  Plaintiff opposes the motion, which is fully briefed and ripe for review.   For the reasons below, the Court will grant the Motion.

## Facts and Background

Plaintiff's Complaint  alleges the following: On July 10, 2020,  Defendant Brower, while driving a van owned by his employer, Defendant Lincare, and in the course of his employment, attempted to pass Plaintiff's vehicle. Brower failed to safely pass Plaintiff and swerved his van into Plaintiff's vehicle. Plaintiff's vehicle bounced back from the collision of the van causing a second crash. Plaintiff

suffered injuries from the collision. Count I of the Complaint is brought against Brower based on  his alleged negligence; Count II alleges statutory employment/ logo/lease liability against Defendant Lincare; Count III is based on vicarious liability against Lincare; Count IV is based on the indep0endent negligence of Lincare; Count V is a claim against Lincare based on the negligent hiring and retention of Brower; Count VI is a claim against Lincare based on the negligent training of Brower; Count VII is based on the negligent supervision of Brower by Lincare.

Defendnats move to dismiss Counts One, Three, and Four in part and Counts Five, Six, and Seven in their entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Legal Standard

A defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss "is to test the legal sufficiency of [a pleading]." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Additionally, the pleading must include sufficient

2

detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the party must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the party will ultimately prevail, but whether the party is entitled to present evidence in support of the claim. *Id.*

At the motion to dismiss stage, the Court must accept as true the factual allegations in the pleading and draw all reasonable inferences in the non-movant's favor. See *Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); see also Kulkay v. Roy, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## Discussion

**Counts One, Three, and Four**

3

Defendant moves to dismiss the claims of willfulness, wantonness, and recklessness and vicarious liability based on willfulness, wantonness, and recklessness arguing that Plaintiff has failed to allege sufficient facts to state a claim. In the Complaint, Plaintiff sets out Brower's actions claiming he was negligent in a variety of ways. Plaintiff goes on to claim Brower's actions were willful, wanton, and reckless in conclusory fashion without any distinction between his negligence claim and his intentional claims. This is insufficient to state the additional claims of willful, wanton, and reckless actions.

"Negligence is one kind of tort, an unintentional injury usually predicated upon failure to observe a prescribed standard of care, [ ] while a willful, wanton, reckless injury is another kind of tort, an intentional injury often based upon an act done in utter disregard of the consequences." *Nichols v. Bresnahan*, 212 S.W.2d 570, 573-74 (1948); *Guthe v. Johnson & Johnson*, No. 4:23-CV-1334 HEA, 2024 WL 3771727, at *4 (E.D. Mo. Aug. 13, 2024). Plaintiff fails to state sufficient facts to transform her negligence claims into intentional acts on the part of Defendant Brower.

**Counts Five, Six, and Seven**

Under Missouri law, "a plaintiff states a prima facie case of negligent hiring [and supervision] by pleading that '(1) the employer knew or should have known of the employee's dangerous proclivities, and (2) the employer's negligence was

the proximate cause of the plaintiff's injuries.' " *Lambert v. New Horizons Community Support Services, Inc*., 2016 WL 1562963, at *4 (W.D. Mo. Apr. 18, 2016),(quoting *Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. 1997) (en banc)). "An employer's knowledge of the employee's dangerous proclivities is based upon 'prior acts of misconduct.' " *Id*. (quoting *Reed v. Kelly,* 37 S.W.3d 274, 277 (Mo. Ct. App. 2000)). "[T]o maintain a negligent hiring claim, a plaintiff must allege that the employee demonstrated dangerous proclivities before committing the act that caused the injury at issue." *Id.* (citing *Moreland v. Farren–Davis*, 995 S.W.2d 512, 517 (Mo. Ct. App. 1999)).

The elements of a negligent retention claim are the same as for a negligent hiring claim. *Reed*, 37 S.W.3d at 278 (citing Gibson, 952 S.W.2d at 246). The negligent retention cause of action similarly requires "a dangerous proclivity of the employee and knowledge of that proclivity" by the employer but is based on "the act of retaining an already hired employee rather than the initial act of hiring." *Braxton v. DKMZ Trucking, Inc*., 2013 WL 6592771, at *2 (E.D. Mo. Dec. 16, 2013) (citing *Reed*, 37 S.W.3d at 277–78); *Hejnal v. U.S. Xpress, Inc.*, No. 4:17-CV-2557 CAS, 2018 WL 534376, at *3–4 (E.D. Mo. Jan. 24, 2018).

Plaintiff's complaint fails to set forth sufficient facts to state a claim for negligent hiring, training, supervision and retention. Plaintiff again merely states the claim but fails to support it with anything other than the conclusion that

Defendant Lincare failed in its duties. Without more to substantiate, the claim, the claims are deficient under *Twombly* and *Iqbal*.

## Conclusion

Based upon the foregoing analysis, Defendants' Motion to Dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Dismiss. [Doc.  No. 11], is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims of willfulness, wantonness, and recklessness are **DISMISSED.**

**IT IS FURTHER ORDERED** that Counts V, VI, and VII are **DISMISSED**.

Dated this 23rd day of March, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

6